# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sidney I. Schenkier | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2372 | **DATE** | 8/21/2002 |
| **CASE TITLE** | Larry Hoover vs. USA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION AND ORDER.** Plaintiff's motion for protective order [doc. # 27-1] is granted. The defendant United States will be required to pay a reasonable fee to Drs. Hagman, Mather, and Marquardt for the time spent giving their depositions.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 2 2 2002 | |
| | Notified counsel by telephone. | | date docketed | 31 |
| | Docketing to mail notices. | | S.B. | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 AUG 21 PM 3:52 | 8/21/2002 | |
| | | | date mailed notice | |
| JJK | courtroom deputy's initials | Date/time received in central Clerk's Office | JJK mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LARRY HOOVER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>) | No. 01 C 2372 |
| UNITED STATES OF AMERICA, )<br>) | Magistrate Judge Schenkier |
| Third Party Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Third Party Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED AIRLINES, INC., )<br>)<br>Third Party Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

In 1993, Congress amended Federal Rule of Civil Procedure 26 to define an "expert" as "any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence" (Fed. R. Civ. P. 26(a)(2)(A)); to allow the deposition of "any person who has been identified as an expert whose opinions may be presented at trial" (Fed. R. Civ. P. 26(b)(4)(A)); and, absent "manifest injustice," to "require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery. . ." (Fed. R. Civ. P. 26(b)(4)(C)(i)). These amendments were significant, as the definition of an "expert" for purposes of discovery under Rule 26 previously was limited to persons with knowledge or opinions "acquired or developed in

anticipation of litigation or for trial." Persons with special expertise who did not fall within this category (*e.g.*, treating physicians) were considered to be as "ordinary witnesses" for purposes of discovery. *See, e.g.*, Rule 26, Advisory Committee Notes to 1970 Amendment.

Despite the broader reach of Rule 26 in its present incarnation, federal courts are divided on the question of whether a party seeking to depose a treating physician must pay that doctor's "reasonable fees." That question is what now brings this case before the Court.

The plaintiff has moved for a protective order (doc. # 27-1), seeking an order requiring the defendant, the United States of America, to pay a "reasonable fee" to three of plaintiff's treating physicians – Drs. Hagman, Marquardt and Mather – whom the plaintiff has disclosed as persons who may give expert testimony within the meaning of Fed. R. Evid. 702, and whom the defendant has elected to depose. After careful review of the relevant materials, this Court concludes that plaintiff's treating physicians fall squarely within the meaning of the term "expert" as it is used in Rule 26(a)(2)(A), Rule 26(b)(4)(A) and Rule 26(b)(4)(C)(i). Because plaintiffs' treating physicians are experts who may be deposed under the authority of Rule 26(b)(4)(A), this Court finds that the defendant must pay them a "reasonable fee" under Rule 26(b)(4)(C)(i) for their time spent in submitting to depositions. Accordingly, plaintiff's motion for protective order is granted. Our reasons for this conclusion follow.

## I.

We begin with an examination of the language of Rule 26 and the accompanying commentary, as those materials pertain to expert discovery. Rule 26 first was amended to address discovery of experts in 1970. Rule 26(b)(4), which was added as part of 1970 amendments, provided in relevant part as follows:

**(b) Scope of discovery.**

Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

* * *

**(4) Trial preparation: Experts.** Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:

**(A)(i)** A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. **(ii)** Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions, pursuant to subdivision (b)(4)(C) of this rule, concerning fees and expenses as the court may deem appropriate.

**(B)** A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

**(C)** Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for the time spent in responding to discovery under subdivisions (b)(4)(A)(ii) and (b)(4)(B) of this rule; and (ii) with respect to discovery obtained under subdivision (b)(4)(A) (ii) of this rule the court may require, and with respect to discovery obtained under (b)(4)(B) of this rule the court shall require, the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

Rule 26 (b)(4) (1970 Amendment). The Advisory Committee Notes to the 1970 Amendment to Rule 26(b)(4) explained that the rule addressed only discovery of (and payment to) retained experts, and did "not address itself to the expert whose information was not acquired in preparation for trial but

rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as an ordinary witness." Advisory Committee Notes to 1970 Amendment: to Rule 26, Subdivision (b)(4), at 146 (West 2000 Rev. Ed.). Various courts have held that under the 1970 version of Rule 26, a treating physician who offers testimony as an occurrence witness, rather than as a retained expert, should be considered "an actor or viewer" and "treated as an ordinary witness." *See, e.g., Patel v. Gayes*, 984 F.2d 214, 217 (7th Cir. 1993).

Thus, the 1970 version of Rule 26 expressly provided for discovery of *retained* experts: with one set of rules to govern discovery of testifying retained experts (Rule 26(b)(4)(A)), and another set of rules to govern discovery of non-testifying retained experts (Rule 26(b)(4)(B)). Rule 26(b)(4)(C) provided that the retained expert be paid a reasonable fee for time spent in responding to discovery. The import of considering the treating physician as an ordinary witness under the 1970 version of Rule 26 was that the treating physician would not be entitled to his or her "reasonable fee" for taking the time to appear for deposition, but would be limited to the same modest witness fee provided to any witness who testifies pursuant to subpoena under Fed. R. Civ. P. 45.

On December 1, 1993, Congress amended Rule 26(b)(4), and added a new subsection, Rule 26(a)(2), relating to expert disclosures. These provisions state, in relevant part, as follows:

**(a)(2) Disclosure of Expert Testimony.**

**(A)** In addition to the disclosures required by paragraph (1), a party *shall disclose* to other parties the identity of *any person* who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

**(B)** Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve

4

giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

\* \* \*

**(b)(4) Trial Preparation: Experts.**

**(A)** A party may depose *any person who has been identified as an expert whose opinions may be presented at trial.* If a report from the expert is required under subdivision (a)(2)(B), the deposition shall not be conducted until after the report is provided.

**(B)** A party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided by Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

**(C)** Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision; and (ii) with respect to discovery obtained under subdivision (b)(4)(B) of this rule the court shall require the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

Fed.R.Civ.P. 26(a)(2)(b)(4) (West 2002 Rev. Ed.) (emphasis added).

The Advisory Committee Notes to the 1993 Amendments explain that the addition of Rule 26(a)(2) imposes a duty "to disclose information regarding expert testimony," in order to enable the opposing party to prepare for effective cross examinations at trial or to retain a rebuttal expert. Advisory Committee Notes to 1993 Amendments to Rule 26, Paragraph(2), at 153. The comments

also state that, as used in Rule 26 (and Rule 30), the word "expert" refers to "those persons who will testify under Rule 702 of the Federal Rules of Evidence with respect to scientific, technical, and other specialized matters." *Id.* at 154. This definition of "expert" does not distinguish between witnesses who are retained to offer opinion testimony under Rule 702, and witnesses who are not retained but who nonetheless will offer opinion testimony under Rule 702.

The comments further state that when the expert testimony will be offered by a retained expert (or someone specially employed to give expert testimony or whose duties regularly involve giving such testimony), Rule 26(a)(2)(B) imposes an enhanced disclosure requirement – a "detailed and complete written report" setting forth certain specified categories of information. *See* Advisory Committee Notes to 1993 Amendments to Rule 26, Paragraph(2), at 153. The comments specifically note that this requirement of a written report would not ordinarily apply to treating physicians:

> The requirement of a written report in paragraph [26(a)](2)(B), . . . applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report. By local rule, order, or written stipulation, the requirement of a written report may be waived for particular experts or imposed upon additional persons who will provide opinions under Rule 702.

*See Id.*, at 154.

The comments further confirm that the revisions to Rule 26(b)(4)(A) "provide that experts who are expected to be witnesses will be subject to deposition prior to trial," and that Rule 26(b)(4)(C), "bearing on compensation of experts, [was] revised to take account" of that change. The comments explain that "[c]oncerns regarding the expense of such depositions should be mitigated by the fact that the expert's fees for the deposition will ordinarily be borne by the party taking the deposition." *Id.* at 155.

## II.

Based on the language of Rule 26 and the accompanying commentary, the Court concludes that Rules 26(a)(2) and 26(b)(4) create, for purposes of discovery, three categories of "experts": (1) retained experts who may testify at trial and from whom a report is required; (2) non-retained experts who are disclosed as witnesses who may offer Rule 702 testimony at trial, but who are not required to submit a report; (3) retained experts who will not testify at trial (consultants). We reach this conclusion for several reasons.

*First,* Rule 26(a)(2)(A) requires disclosure of "the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." These rules of evidence define experts by reference to their knowledge, skill, experience, training or education, and define expert testimony by reference to whether the opinions or conclusions offered reliably draw on that expertise in a way relevant to some issue in the case. The rules of evidence do not limit "experts" to those persons who are hired by a party to consult or testify – and neither does Rule 26(a)(2)(A). By defining "experts" in terms of the testimony they seek to offer, Congress created a broad disclosure requirement.

*Second,* Rule 26(a)(2)(B) requires an enhanced disclosure requirement for certain categories of expert witnesses: that is, for the "witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony." For this group of experts, a written report must be provided that contains:

> a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and

testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B). However, the experts for whom subsection (2)(B) requires this enhanced disclosure are not the entire universe of experts covered by the disclosure requirement of subsection (2)(A). How could they be? If subsection (2)(B) defined the exclusive group of testifying experts in (2)(A), then subsection (2)(A) would be superfluous. A better interpretive reading is that the greater (subsection (2)(A)) includes the lesser (subsection (2)(B)), and that the lesser is calling out a discrete group of experts for whom a special report is required. This interpretation is consistent with Rule 26 and the commentary to the 1993 Amendments, both of which make clear that the report requirement only applies to "those experts who are retained or specially employed to provide such testimony in the case or whose duties as any employee regularly involve the giving of such testimony," but not to other persons who at trial would offer testimony that plainly falls within Rule 702 – such as a treating physician. *See, e.g.*, Fed. R. Civ. P. 26(a)(2)(B). *See also* Advisory Committee Notes to 1993 Amendments, Paragraph(2), at 153.

*Third*, Rule 26(b)(4)(A) tracks this distinction between retained testifying experts and other testifying experts that is found in Rule 26(a)(2)(A) and (B). The first sentence of Rule 26(b)(4)(A) permits the deposition of "*any* person who has been identified as an expert whose opinion may be presented at trial" (emphasis added). That language plainly relates back to Rule 26(a)(2)(A), which requires disclosure of "*any* person who may be used at trial to present evidence under Rules 702, 703 and 705 . . ." (emphasis added). Thus, we read the first sentence of Rule 26(b)(4)(A) to allow the deposition of any witness disclosed under Rule 26(a)(2)(A) who may offer expert testimony at trial, whether that person is a retained expert or not. That reading is confirmed by the second sentence

of Rule 26(b)(4)(A), which specifically addresses when a deposition of a retained expert may proceed: "If a report from the expert is required under subdivision (a)(2)(b), the deposition shall not be conducted until after the report is provided." The word "if" connotes a separation between those from whom a report is not required (*e.g.*, those who are not retained or specially employed experts), and those from whom a report is required (*e.g.*, a treating physician). The distinction in the timing of depositions is further evidence that there are two sets of experts "whose opinions may be presented at trial" -- those who are retained and those who are non-retained.

*Fourth*, Rule 26(b)(4)(C) speaks to the payment of fees in connection with the deposition of any expert. Rule 26(b)(4)(C)(i) states that -- absent manifest injustice -- when any expert is deposed, whether a testifying expert or a consulting expert (who is not expected to testify but whose deposition is permitted under the limited circumstances set forth in Rule 26(b)(4)(B)), "the court *shall* require that the party seeking the discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision" (emphasis added). Rule 26(b)(4)(C)(ii) further states that when a consulting expert is deposed, absent manifest injustice the party seeking the discovery also must pay "a fair portion of the fees and expenses reasonably incurred by the [party who retained the consulting expert] in obtaining the facts and opinions from the expert." Thus, while Rule 26(b)(4)(C) draws a distinction between testifying and consulting experts, it makes no distinction between the retained and non-retained testifying expert. The rule squarely directs that all testifying experts who are deposed be paid a reasonable fee.

Based on the foregoing analysis, we conclude that treating physicians who may be called to testify clearly fall within the definition of an expert as that term is used in Rule 26(a)(2)(A). The fact that the report requirement imposed by Rule 26(a)(2)(B) does not apply to a physician testifying

9

solely as a treater does not change the fact that in testifying based on his or her work as a physician, the treater will be calling upon specialized knowledge that can only be provided under Rule 702. And, because a treating physician will offer expert testimony under Rule 702, the treater is included within the class of experts who, if deposed as permitted by Rule26(b)(4)(A), must be paid a reasonable fee by the party taking the deposition under Rule 26(b)(4)(C)(i).

## III.

Like this Court, a number of other courts have concluded that non-retained treating physicians are to be paid a reasonable fee if they are deposed. *See, e.g., Coleman v. Dydula*, 190 F.R.D. 320 (W.D.N.Y. 1999)(treating physicians entitled to reasonable fee for deposition testimony pursuant to Fed.R.Civ.P. 26(b)(4)(C)); *Grant v. Otis Elevator Co.*, 199 F.R.D. 673 (N.D. Okla. 2001)(language and structure of Rule 26 authorizes reasonable fee for treating physician as an occurrence witness expert); *Bovey v. Mitsubishi Motor Manufacturing of America*, 88 Fair Empl. Prac. Cas. (BNA) 866 (C.D. Ill. 2002) (Rule 26 recognizes treating physicians as experts subject to deposition and entitled to reasonable fee for time, even if not retained and not required to submit report)(citing other cases approving reasonable fee). However, a like number of courts have reached a contrary conclusion. *See, e.g., Baker v. Taco Bell Corp.*, 163 F.R.D. 348 (D. Colo. 1995) (limiting treating physicians to recovery of statutory fee); *Mangala v. University of Rochester*, 168 F.R.D. 137 (W.D.N.Y. 1996) (no compensation beyond statutory rate for treating physician not being deposed as a retained expert); *Fisher v. Ford Motor Co.*, 178 F.R.D. 195 (N.D. Ohio 1998)(no entitlement to compensation under Rule 26(b)(4)(C)); *Demar v. United States*, 199 F.R.D. 617 (N.D. Ill. 2001)(treating physician "fact witness" not entitled to expert's reasonable fee under Rule 26). The

cases holding that Rule 26 does not require the deposing party to pay a treating physician a reasonable fee generally employ one of two distinct lines of reasoning, which we address below.

## A.

Some cases hold that a physician must be retained or specially employed, as described in Rule 26(a)(2)(B), before Rule 26(b)(4)(C)(i) and its "reasonable fee" provision will apply. For example, in *Baker*, the court observed that treating physicians testify to opinions "based upon their personal knowledge of the treatment of the patient and not information acquired from outside sources for the purpose of giving an opinion in anticipation of trial." 163 F.R.D. at 349. From that observation, the *Baker* court concluded that "[s]uch opinions do not make the treating physicians experts as defined by Rule 26(b)(4)(C)" *Id.*; *see also Mangala*, 168 F.R.D. at 139 (adopting analysis of *Baker*).

For the reasons explained above, we do not believe that this analysis comports with the language of Rule 26 or the accompanying commentary. To begin with, Rule 26(b)(4)(C) does not define who is or who is not an expert; that definition is found in Rule 26(a)(2)(A), which *Baker* and *Mangala* do not address. Rather, *Baker* and *Mangala* elevate the report requirement of Rule 26(a)(2)(B) to a litmus test of who is an expert, and conclude (in our view, mistakenly) that a treater is not an expert, because the treater is not acquiring opinions solely for the purpose of testifying and thus is not required to provide a report.

Moreover, the *Baker* analysis fails to come to grips with the fact that a treating physician who testifies about the examination, diagnosis, and treatment of a patient necessarily draws upon his or her skill, training and experience as a doctor. And the physician can only do so as an expert under Rule 702 – which makes the treater an expert under Rule 26(a)(2)(A), who is subject to deposition

11

under Rule 26(b)(4)(A) and who, under the terms of Rule 26(b)(4)(C)(i), is entitled to payment of a reasonable fee for the deposition.

To be sure, Court can envision a case where a physician who may testify would not do so as an expert, but as an ordinary occurrence witness. Take, for example, a physician standing on the street corner who observes an automobile accident. As an occurrence witness, the physician could testify solely to the facts he or she observed as a bystander (such as, the speed of the vehicle and the color of the traffic lights), without calling upon any special expertise as a doctor. But this bystander example is clearly different from a case such as this one, where the treating physician is called as an occurrence witness to testify about facts that he or she observed in the course of medical treatment rendered by that doctor. In that case, the doctor's special expertise is part of the sum and substance of the "occurrence" testimony, and cannot be artificially separated into "non-expert" testimony and "expert" testimony for purposes of Rule 26.

We also recognize that a treating physician sometimes may be asked to offer opinions that go beyond information acquired or opinion reached as a result of the treating relationship. In that situation, the case law establishes that the treating physician may become the kind of "expert" who is required to submit a report pursuant to Rule 26(a)(2)(B). *See, e.g., Zarecki v. National R.R. Passenger Corp.*, 914 F. Supp. 1566, 1573 (N.D. Ill. 1996)(Rule 26(a)(2)(B) report required where opinion regarding ultimate causation was not derived solely from treating physician's treatment of plaintiff); *Wreath v. United States of America*, 161 F.R.D. 448 (D. Kan. 1995)(treating physician offering expert testimony beyond scope of treating relationship must provide report). However, it is not the report itself that generates the requirement that reasonable fees be paid. It is the deposition

process authorized by Rule 26(b)(4)(A), to which all experts who may testify are subject, that generates the requirement under Rule 26(b)(4)(C)(i) that a reasonable fee be paid.[1]

## B.

Another line of reasoning on the reasonable fee issue recently emerged from a court in this district. *Demar v. United States*, 199 F.R.D. 617 (N.D. Ill. 2001). In *Demar*, the court sided with those courts holding that Rule 26 does not require payment of a reasonable fee to the treating physician who is deposed, on the basis of policy rather than an interpretation of the language and structure of Rule 26.

The *Demar* court reasoned that payment of a reasonable fee to a treating physician who is merely a "fact witness" would constitute unwarranted "special treatment" for doctors. 199 F.R.D. at 619. The court stated that it believed such special treatment would result in a "slippery slope" that would not allow courts to draw a principled line between doctors and other professionals who are not retained as experts, but who also might have special expertise to offer in connection with their

---

[1] *Baker* – and defendant (Def. Resp. at 2-3) – cite certain Seventh Circuit cases to support their analysis. *Richardson v. Consolidated Rail Corp.*, 17 F.3d 213 (7th Cir. 1994); *O'Conner v. Commonwealth Edison Co.*, 13 F.3d 1090 (7thCir. 1994); *Patel v. Gayes*, 984 F.2d 214 (7th Cir. 1993). For several reasons, we do not believe that those decisions answer the question of whether payment of reasonable fees is required to a disclosed treating physician who is deposed.

*First*, none of those cases decide – or even discuss -- the question of whether Rule 26(b)(4)(C)(i) requires payment of a reasonable fee to the treating physician who is disclosed under Rule 26(a)(2)(A) and deposed as authorized by Rule 26(b)(4)(A). *Second*, *Patel* was based on the pre-1993 version of Rule 26 which – as described above – was materially changed in 1993; and, *Richardson* relies on *Patel*. *Richardson*, 17 F.3d at 218. *Third*, *Richardson* may be read as approving the district court decision to allow treating physicians to testify to matters "within their personal knowledge," but not to matters that were "acquired or developed in anticipation of litigation or trial," 17 F.3d at 218, presumably because the latter was not timely disclosed. That distinction is precisely the line drawn by Rule 26(a)(2), which does not impose a report requirement as treating physicians so long as they testify solely as treaters. But, as we have explained, the report requirement is not what triggers the requirement that a reasonable fee be paid to the doctor being deposed. *Fourth*, *O'Connor* rejected a contention that a treating physician "is exempt from the requirements of Federal Rules of Evidence 702 and 703." 13 F.3d at 1105 n. 14. The Court's analysis here is consistent with that conclusion in *O'Connor*, as we (like Rule 26(a)(2)(A) itself) focus not on whether the witness is a treater or a retained expert, but instead on whether the witness will offer testimony that falls under Rule 702 -- which the treating physicians surely will do.

testimony. *Id.* Based on this reasoning, the Court concluded that "the unambiguous tenants of FRCP 26(b)(4)(C) and § 1821 provide that expert witnesses – *independent of their profession* – obtain compensation at a reasonable fee[,] while fact witnesses – *independent of their profession* – receive compensation at the statutory fee of $40." 199 F.R.D. at 620 (emphasis in original) (internal notations omitted).

Although we agree with that general statement, in our view, the term "fact witness" – although widely used – does not fully describe the role of the treating physician who testifies, and it is here that we part ways with our colleague. Like the *Demar* court, we believe that the tenants of Rule 26(b)(4)(C) are "unambiguous." But, we read that rule to require payment of a reasonable fee to all experts who are disclosed under Rule 26(a)(2)(A) and deposed under Rule 26(b)(4) – irrespective of whether they are retained experts, and irrespective of whether they are required to submit a report under Rule 26(a)(2)(B). The *Demar* court did not address Rule 26(a)(2)(A) and its relationship to Rules 26(b)(4)(A) and (C) – which is not surprising, as neither of the parties offered an analysis of those provisions. Rather, a review of the briefs filed in *Demar* shows that the plaintiff pitched his argument solely on policy grounds – which the *Demar* court rejected. In any event, because we find that the unambiguous language of Rule 26 requires payment to the treating physician who is deposed, we do not believe that there is any policy choice to make: Congress made its choice, and we are not free to disregard it.

## CONCLUSION

Like the courts that have held that treating physicians are entitled to a reasonable fee under Rule 26, *see, e.g., Grant v. Otis Elevator Co.*, 199 F.R.D. 673 (N.D. Okl. 2001), we believe that the express terms of Rule 26 and the accompanying commentary make clear that the treating physician, is a person who may "present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." Fed. R. Civ. P. 26(a)(2)(A). Although an "occurrence witness," the treating physician nonetheless has special insights by virtue of his or her training that will inform the factual testimony he or she will offer at trial. Thus, we hold that if a party intends to offer such evidence at trial through the treating physician's testimony, then Rule 26 treats the physician as a non-retained occurrence witness expert, so long as he or she is identified and disclosed pursuant to the Rule 26(a)(2)(A). When that occurs the treating physician may be deposed, and if that happens, the treating physician is entitled to a "reasonable fee" for his or her time preparing for and giving that deposition, just like any other expert.

For the foregoing reasons, the plaintiff's motion for protective order (doc. # 27-1) is GRANTED. The defendant United States will be required to pay a reasonable fee to Drs. Hagman, Mather, and Marquardt for the time spent giving their depositions. In so ruling, we express no view as to what will constitute a "reasonable fee," since that question has not been directly addressed by either party. Instead, we leave it the parties and the doctors, in the first instance, to attempt in good

faith to reach an agreement on the fee issue. If a compromise cannot be reached, then the Court will order the parties to brief the issue and we will decide what constitutes a reasonable fee.[2]

**ENTER:**

_/s/ Sidney I. Schenkier_
**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**Dated: August 21, 2002**

---

[2] Although plaintiff argues that Fed. R. Civ. P. 45(c)(3)(B) supports the award of a reasonable fee and provides guidelines for determining the amount to award (Pl.'s Mot. at 5-6), the Court finds that provision applies only where a subpoena is served on an unretained expert who has "opinion or information not describing specific events or occurrences in dispute. . . ." Here, the treating physicians are occurrence witnesses who therefore do not fall within the purview of Rule 45(c)(3)(B). That is defendant's point (Def.'s Resp. at 4-5 and n.2), and it is well-taken. We reserve the question of whether the factors for awarding a reasonable fee set forth in the commentary to Rule 45(c)(3)(B) are useful in determining a reasonable fee under Rule 26(b)(4)(C)(i).