## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sidney I. Schenkier | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2372 | **DATE** | 8/27/2003 |
| **CASE TITLE** | Larry Hoover vs. Arthur N. Delaney, Jr., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION AND ORDER.** Plaintiff's third motion *in limine* [doc. # 50] and defendants' first motion *in limine* [doc. # 51] are denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | AUG 28 2003 | 54 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials |
| | Copy to judge/magistrate judge. | | 8/27/2003 date mailed notice |
| JJK courtroom deputy's initials | | 03 AUG 28 PM 12:55 FILED FOR DOCKETING Date/time received in central Clerk's Office | JJK mailing deputy initials |

Minute Order Form (06/97)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY HOOVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 01 C 2372 |
| vs. ) | |
| ) | Magistrate Judge Schenkier |
| ARTHUR N. DELANEY, JR., and the ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

In this claim brought under Federal Tort Claims Act, 28 U.S.C. § 1346, plaintiff, a United Airlines employee, seeks damages as a result of a collision that occurred on April 9, 1999 between a refueling truck that he was driving and a Ford Windstar minivan driven by Arthur Delaney, an employee of the United States Postal Service. The bench trial of this case is scheduled to begin on September 22, 2003 (a third-party claim brought by the United States against United Airlines has been stayed as a result of United's pending bankruptcy proceeding, and by agreement has been severed so that the claim by Mr. Hoover may proceed to trial). By consent of all the parties and pursuant to 28 U.S.C. § 636(c), the case has been assigned to this Court for all proceedings, including the entry of final judgment (doc. ## 12-15).

Pending before the Court are two motions *in limine*: plaintiff's third motion *in limine* (doc. # 50), and defendant's first motion *in limine* (doc. # 51). For the following reasons, both motions *in limine* are denied.[1]

---

[1] In an earlier ruling, this Court granted without objection plaintiff's motions *in limine* prohibiting evidence or argument relating to payment of plaintiff's medical expenses by insurance or other collateral sources; plaintiff's failure to use a seat belt at the time of the collision; and expert opinion not contained in certain expert reports or depositions

# I.

In his third motion *in limine*, plaintiff seeks to bar defendant's expert, Michael W. Rodgers, from providing opinion testimony concerning the severity of the collision or the manner in which it occurred. Plaintiff does not challenge Mr. Rodgers' qualifications; rather, plaintiff argues that Mr. Rodgers' opinions are inadmissible because they are not sufficiently grounded on facts or data that would allow Mr. Rodgers to reach the opinions he would express. In particular, the plaintiff argues that Mr. Rodgers cannot express an opinion about the collision speed of the two vehicles, because he lacks specific knowledge of the weight distribution, size and extent of damage to the United Airlines' fuel truck; and, for the same reasons, that he cannot reliably opine about the post-impact movements of the vehicles. The plaintiff also complains that Mr. Rodgers has not provided details about the computer program that he used to perform certain calculations.

As amended in 2000 in response to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), Rule 702 of the Federal Rules of Evidence provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. In this case, there is no question that the offered opinion testimony would be relevant to certain facts in issue (the speed at the time of collision and the post-collision movement of the fuel truck driven by the plaintiff), and that Mr. Rodgers is qualified as an expert. In deciding

---

(doc. # 49).

whether the other requisites of Rule 702 have been met, the Court is mindful that the proponent of the proposed expert testimony – here, the United States – has the burden of proving that the opinion testimony is admissible. *Bradley v. Brown*, 852 F. Supp. 690, 697 (N.D. Ind.), *aff'd*, 42 F.3d 434 (7th Cir. 1994). However, we are also mindful that "the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system." *United States v. 14.3 Acres of Land Situated in LeFloure, County, Mississippi*, 80 F.3d 1074, 1078 (5th Cir. 1996). As recognized in *Daubert*, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." 509 U.S. at 595. Thus, it is not surprising that the advisory comments to the 2000 amendments to Rule 702 noted that "[a] review of the case law after *Daubert* shows that the rejection of expert testimony is the exception rather than the rule." Advisory Committee Comments to the 2000 Amendments to Rule 702.

In this case, questions concerning the assumptions (or extrapolations) made by Mr. Rodgers, and the computer program he used, strike the Court as fit subjects for cross-examination that will allow the Court to determine what weight – if any – to give to Mr. Rodgers' opinions. Full examination of Mr. Rodgers on these points, and perhaps others, will allow the Court to be better informed when making that decision. In any event, given that this case will proceed as a bench trial, the Court sees little in the way of efficiency to be gained by holding a pre-trial hearing to develop that evidentiary record, and no prejudice that would result from the Court hearing that evidence at trial rather than before trial.

Accordingly, the Court denies plaintiff's third motion *in limine* (doc. # 50) without prejudice. In so doing, the Court expresses no view as to what weight, if any, will be given to Mr. Rodgers' opinion testimony.

## II.

Plaintiff's Exhibit 16 is a document entitled, "On-The-Job Safety Review/Analysis" ("JSA"), that is a pre-printed form describing how to safely perform a particular job within postal service. The postal service apparently uses this form to provide safety information to employees after an accident occurs. Plaintiff's Exhibit 16 was produced by the United States during discovery as a document that related to the investigation of the collision involving Mr. Hoover. However, testimony by Ms. Griffin, as well as by another postal service employee, has raised a question as to whether Plaintiff's Exhibit 16 is in fact the JSA that was prepared in connection with this accident – as does the face of plaintiff's Exhibit 16, which does not appear to make any reference to this accident. This has led plaintiff to argue that there was a different JSA prepared by the United States that pertained to this specific accident, but that it has been concealed because it has statements or other information damaging to the defense.

Defendants' first motion *in limine* seeks to bar admission of Plaintiff's Proposed Exhibit 16, and testimony by Donna Griffin about it, as improper evidence of subsequent remedial measures barred by Fed. R. Evid. 407, and as unduly prejudicial, confusing, or a waste of time under Fed. R. Evid. 403. We are not persuaded by either of those arguments.

Plaintiff's Exhibit 16 is a preprinted form that does not appear to contain any analysis of why or how the specific collision here occurred, much less any suggested changes in procedures to prevent its reoccurrence. Moreover, contrary to the United States' argument, an evaluation of how

4

an accident occurred is not inadmissible under Rule 407; at most, what the Rule excludes is evidence of subsequent remedial measures resulting from the evaluation of the accident. And even then, the Rule excludes subsequent remedial measures only when offered to prove "negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for warning or instruction." Fed. R. Evid. 407. The Rule goes on to state that subsequent remedial measures are not excluded when offered for other relevant purposes. Here, there is no evidence that plaintiff seeks to offer Plaintiff's Exhibit 16 for a purpose prohibited by Rule 407. Thus, Rule 407 does not warrant excluding the exhibit or testimony about it.

We also failed to see how the evidence that is the subject of this motion would run afoul of Rule 403. Plaintiff's theory is that the government has produced a JSA that has nothing to do with this accident, instead of one that was prepared and that does relate to this accident. From this premise, plaintiff argues that the Court could infer that the United States failed to produce the correct document because it contained information damaging to its case. If plaintiff could prove that premise (and we express no view as to whether the plaintiff can do so), the evidence might have probative value. *See Empire Gas Corp. v. American Bakeries Co.*, 646 F. Supp. 269, 274 (N.D. Ill. 1986) ("wrongdoing by [a] party in connection with his case, amounting to an obstruction of justice is also commonly regarded as an admission by conduct"). In that event, the probative value of that evidence certainly would not be "substantially outweighed by the danger of unfair prejudice," which is what Rule 403 requires for exclusion – any "prejudice" resulting from evidence that a party purposefully concealed relevant documents would be entirely fair. Nor would this evidence be confusing, or constitute a waste of time. Accordingly, the government's first motion *in limine* is denied.

## CONCLUSION

For the foregoing reasons, plaintiff's third motion *in limine* (doc. # 50) and defendants' first motion *in limine* (doc. # 51) are denied.

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: August 27, 2003